# Exhibit C

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

CAUSE NO. 390 OF 2009

IN THE MATTER OF THE COMPANIES LAW (AS AMENDED)

AND IN THE MATTER OF SAAD INVESTMENTS FINANCE COMPANY (NO.5) LIMITED (IN PROVISIONAL LIQUIDATION)

The Honourable Mr. Justice Quin

18 SEPTEMBER 2009

WINDING UP ORDER

UPON hearing Counsel for the Petitioner, Barclays Bank PLC of 1 Churchill Place, London E14 5HP, United Kingdom (the "**Petitioner**") upon its Petition dated 19 August 2009 with respect to Saad Investments Finance Company (No5) Limited (the "**Company**").

AND UPON hearing Counsel for the Joint Provisional Liquidators of Saad Investments Company Limited, these being Hugh Dickson of Grant Thornton Specialist Services (Cayman) Ltd ("**GTSS**"), and Mr Stephen Akers of Grant Thornton UK LLP ("**GTUK**"), and Mr Mark Byers of both GTSS and GTUK.

AND UPON reading the Petition presented to this Honourable Court on 19 August 2009.

AND UPON reading the first and second Affidavits of Arthur U Mbanefo (sworn on the 17 and 31 August 2009 respectively), and the first and second Affidavits of Timothy Clipstone (sworn on 31 August 2009 and 7 September 2009 respectively), and the first affidavits of Geoffrey Eugene Varga and Nicolas Matthews sworn on 13 August 2009.

IT IS ORDERED that:

1. The Company be wound up in accordance with the Companies Law (2009 Revision) (the "**Companies Law**");

2. Mr Geoffrey Eugene Varga and Mr Nicolas Matthews of Kinetic Partners (Cayman) Limited, the Harbour Centre, 42 North Church Street, PO Box 10387, Grand Cayman KY1-1004, Cayman Islands, be appointed joint official liquidators of the Company (the "**Liquidators**");

3. The Liquidators may exercise the powers specified in Part I of the Third Schedule to the Companies Law in accordance with section 110 of the Companies Law, which are specifically listed below, without further sanction of the Court:

   a. to bring or defend any action or other legal proceeding in the name and on behalf of the Company;

   b. to carry on the business of the Company so far as may be necessary for its beneficial winding up;

   c. to dispose of any property of the Company to a person who is or was related to the Company;

   d. to sell any of the Company's property to public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels;

   e. to raise or borrow money and grant securities therefor over the property of the Company;

   f. to engage staff (whether or not as employees of the Company) to assist them in the performance of his functions; and

   g. to engage attorneys and other professionally qualified persons to assist them in the performance of their functions.

4. The Liquidators may exercise any of the powers specified in Part II of the Third Schedule to the Companies Law in accordance with section 110 of the Companies Law and as are listed below:

   a. to take possession of, collect and get in the property of the Company and for that purpose to take all such proceedings as they consider necessary;

b. to do all acts and execute, in the name and on behalf of the Company, all deeds, receipts and other documents and for that purpose to use, when necessary, the Company seal;

c. to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against this estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and rateably with the other separate creditors;

d. to draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the Company, with the same effect with the respect of the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business;

e. to promote a scheme of arrangement pursuant to Section 86;

f. to convene meetings of creditors and contributories; and

g. to do all other things incidental to exercise of their powers.

5. Subject to the provisions of Section 109(2) of the Companies Law to render and pay invoices out of the assets of the Company for their own remuneration at the rates approved by the Court, in accordance with the Insolvency Practitioner's Regulations 2008, together with all costs, charges and expenses of their attorneys, and all other agents, managers, accountants or other persons that the Liquidators may employ.

6. Pursuant to Section 97 of the Companies Law, no suit, action or other proceedings, including criminal proceedings, (and for the avoidance of doubt any proceedings in Cause No. 359 of 2009) shall be proceeded with or commenced against the Company except with the leave of the Court and subject to such terms as the Court may impose.

7. During the period of their appointment, any act required or authorised to be done by the Liquidators may be done by any one or more of the Liquidators.

8. The Liquidators are to file a report with the Court by 7th December 2009 and thereafter as directed by the Court.

9. The Petitioner's costs of and incidental to its Petition shall be paid out of the assets of the Company as an expense of the liquidation, such costs to be taxed if not agreed with the Liquidators.

Dated the 18th day of September 2009

Filed the 24th day of September 2009



The Honourable Mr. Justice Quin
Judge of the Grand Court

### NOTICE TO OFFICERS AND PROFESSIONAL SERVICE PROVIDERS OF THE COMPANY

You are required by Section 103 of the Companies Law to co-operate with the official liquidators and pursuant to Section 101 to give the official liquidators all information as they may reasonably require relating to the Company's property and affairs and to attend on the official liquidators at such times as they may reasonably require.

THIS ORDER is filed by Harney Westwood & Riegels, Attorneys-at-Law for the Petitioner, whose address for service is 3rd Floor, Genesis Building, 13 Genesis Close, PO Box 10240, Grand Cayman KY1-1002, Cayman Islands (Ref: SED/JJD//012032.00032).

Certified True and Correct
by
Supervisor Civil Registry

APPROVED AS TO FORM AND CONTENT

*Harneys*
...................................
HARNEY WESTWOOD & RIEGELS
Attorneys-at-Law for the Petitioner



*Walkers*
...................................
WALKERS
Attorneys-at-Law for the Joint Provisional Liquidators of Saad Investments Company Limited